**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ARAFAT PAREDES**, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) ) | |
| | ) | Hon. |
| v. | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **WOODMAN'S FOOD MARKET, INC.**, a foreign corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Arafat Paredes ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Woodman's Food Market, Inc. ("Defendant") for violating the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and to put a stop to its unlawful collection, use, and storage of Plaintiff's and putative Class members' sensitive biometric data. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and upon information and belief as to all other matters:

**PARTIES**

1.      Plaintiff, Arafat Paredes, is and was a resident and citizen of the state of Illinois at all relevant times.

2.      Defendant, Woodman's Food Market, Inc. is a grocery store chain that operates multiple locations throughout the state of Illinois.

3.      Defendant, Woodman's Food Market, Inc. is a Wisconsin corporation existing under the laws of Wisconsin and headquartered in Janesville, Wisconsin, and licensed by the Illinois Secretary of State to conduct business in Illinois.

4.      Defendant's registered agent for purposes of service of process is identified online

1

as Richard K Van Evera, 6833 Stalter Dr 1st Flr, Rockford, Illinois 61108.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. §1332(a), this Court has diversity jurisdiction over Plaintiff's claims because the Defendant is a corporation under the laws of Wisconsin and is headquartered in Janesville, Wisconsin, the Plaintiff is a resident of the state of Illinois, and the amount in controversy is at least $75,000.00.

6.      BIPA provides that "[a] prevailing party may recover for each violation . . . (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater." 740 ILCS 10 14/20(a)(1).

7.      BIPA provides that "[a] prevailing party may recover for each violation . . . (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000.00 or actual damages, whichever is greater." 740 ILCS 10 14/20(a)(2).

8.      The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), also provides jurisdiction on the basis of a diversity of citizenship, because Defendant employed over 100 employees during the relevant time period and the amount in controversy exceeds $5,000,000.00.

9.      Pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is registered to conduct and does conduct substantial business in Illinois, and this lawsuit arises out of acts and omissions which occurred in this District.

## FACTUAL ALLEGATIONS

10.      Plaintiff, Arafat Paredes, is a former employee of a restaurant operated by Defendant, located at: 1550 Deerfield Pkwy, Buffalo Grove, Illinois 60089. Plaintiff was employed at that location from approximately December 18, 2023 to July 30, 2024.

11.      Upon Plaintiff's employment with Defendant, Plaintiff was required to submit to a

scan of his fingerprint, thereby capturing, collecting, or otherwise obtaining Plaintiff's biometric identifier.

12.     Defendant required Plaintiff to use fingerprint-based clock in and clock out system in the course of his normal and required job duties.

13.     Defendant required Plaintiff to use his scanned fingerprint to clock in at the beginning of each shift, and clock out at the end of each shift, thereby capturing, collecting, or otherwise obtaining Plaintiff's biometric identifier repeatedly.

14.     Defendant never informed Plaintiff of the specific purposes or length of time for which it collected, stored, and used Plaintiff's fingerprint.

15.     Defendant did not obtain a written release authorizing the collection, capture, other obtainment, or subsequent disclosure of Plaintiff's biometric identifier.

16.     Defendant does not make publicly available, and has not made publicly available, any biometric data-retention policy, nor has Defendant informed Plaintiff whether it will ever permanently delete Plaintiff's fingerprint.

**The Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**

17.     BIPA was enacted in 2008 to regulate two types of biometric data.  First BIPA regulates any "biometric identifier," defined as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," and specifically excludes a lengthy list of specific identifiers. 740 ILCS 14/10.  Second, it regulates any "biometric information" meaning "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*.

18.     BIPA is not limited to simply the capture of such biometrics.  BIPA regulates the entire life cycle of biometric data captured by a private entity from any individual, from capture to

3

use and disclosure.

19.     Biometric identifiers allow private entities, such as Defendant, to accurately and with some degree of certainty track the hours its employees' work. Additionally, Defendant employed this system to ensure that the correct person was clocking in and clocking out. The biometric tracking system permitted Defendant to pinpoint specifically who clocked in or clocked out because of the unique nature of biometric identifiers.

20.     Under BIPA, because of the unique nature of biometric identifiers, private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as thumbprint or facial scans, or any biometric information, including any data regardless of the manner it is converted or stored, unless it first:

   a.   informs the individual or the individual's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

   b.   informs the individual or the individual's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

   c.   receives a written release executed by the individual of the biometric identifier or biometric information or the individual's legally authorized representative.

740 ILCS 14/15(b)(1)-(3).

21.     Private entities in possession of biometric information are also required to develop a publicly available "retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

22.     BIPA restricts how, when, and if a private entity may disclose biometric information by providing that "[n]o private entity in possession of a biometric identifier or

4

biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

    (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

    (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

    (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

    (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d).

23.    Private entities are also prohibited from profiting from an individual's biometric identifier or biometric information. BIPA provides without exception that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

24.    The Illinois Legislature recognized a need for additional protection and recourse because "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information" and therefore required its own set of rules. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual [and] therefore, once compromised, the individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5.

25.    Compliance with BIPA is minimally invasive. Defendant could have accomplished

compliance with a single sheet of paper explaining the necessary disclosures, and given it to Plaintiff to read and sign, but did not.

26.     To remedy irreparable harm caused by a private entity violating BIPA, the statute creates a private right of action authorizing "[a]ny person aggrieved by a violation of [BIPA] shall have a right of action" to sue and recover for each subject liquidated damages of $1,000, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief. 740 ILCS 14/20 (as amended Aug. 2, 2024).

27.     The statute of limitations applicable to BIPA is five (5) years. *Tims, et al. v. Black Horse Carriers, Inc*., Case No. 127801, __ N.E. 3d __, 2023 WL 1458046, slip op. at 13 (Ill. Sup. Ct. Feb. 2, 2023).

28.     Defendant used a biometric time-tracking system that required its employees, including Plaintiff, to use fingerprint scans as a means of authentication each time they clocked-in and clocked-out.

29.     Defendant required Plaintiff and the other employees to submit to fingerprint scans for storage in Defendant's electronic employee database.

30.     The unique nature of biometric identifiers allows private entities, such as Defendant, to instantly gather these unforgeable and accurate signature of its employees.

31.     Defendant failed to inform Plaintiff and other employees of the extent and purpose for which it collected their biometric data and whether the data was or will be disclosed to third parties.

32.     Defendant failed to maintain a written, publicly available policy identifying its retention schedule for biometric data or providing guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining the employees'

6

fingerprints is no longer relevant, as required by BIPA. An employee who leaves the company does so without any knowledge of when or if their biometric identifiers will be removed from Defendant's database.

33. Additionally, Defendant never informed Plaintiff of what would happen to his biometric information were Defendant to close the specific location(s) in which he worked, go out of business entirely, merge with another company, or go bankrupt.

34. Defendant failed to publish a legally mandated data-retention policy and to disclose the purposes for which it collected biometric data. In fact, Defendant's employees have no idea whether Defendant sells, discloses, or otherwise disseminates their unique biometric identifiers which, once compromised, cannot be undone. Defendant's employees were not told to whom Defendant discloses their biometric data.

35. On top of Defendant's failure to notify employees and the public of the basics of its collection, use, retention, and protection of biometric data, it also failed to obtain the written release required by BIPA before collecting its employees' biometric data.

36. Defendant failed to publish a biometric data-retention policy or obtain written releases from its employees prior to the collection of their fingerprint scans in violation of BIPA.

37. Plaintiff was continuously and repeatedly exposed to the harms and risks created by Defendant's violations of BIPA.

38. Therefore, on behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with reasonable attorneys' fees and costs.

## <u>CLASS ACTION ALLEGATIONS</u>

39.     Plaintiff brings this action pursuant to 735 ILCS 5/2-801, *et seq.*, on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All citizens of Illinois whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise obtained by or on behalf of Woodman's Food Market, Inc. at any time in the past five years.

40.     **Numerosity:** The Class members are so numerous that joinder of all Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Class members. The Class members should be easy to identify from Defendant's records.

41.     **Typicality:** Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

42.     **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class, and those questions predominate over questions affecting only individual members of the respective Class. Common legal and factual questions include, but are not necessarily limited to, the following:

(a) Whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class members' biometric identifiers or biometric information;

(b) Whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

(c) Whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class members' biometric identifiers or biometric information;

(d) Whether Defendant sold, leased, traded, or otherwise profited from Plaintiff and the Class members' biometric identifiers or biometric information;

(e) Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

8

(f) Whether Defendant complies with any such written policy (if one exists); and

(g) Whether Defendant used Plaintiff and the Class members' fingerprint to identify them.

43. **Adequate Representation:** Plaintiff retained and is represented by qualified and competent counsel who is highly experienced in complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecute this class action. Moreover, Plaintiff can fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by Class members and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this complaint to include additional class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that are taken by Defendant.

44. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member. Plaintiff anticipates

no difficulty in the management of this action as a class action, and Class-wide relief is essential to compliance with BIPA.

**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*
(Brought by Plaintiff on Behalf of the Class against Defendant)**

45.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46.     At all relevant times, Defendant was a corporation under the laws of Wisconsin, headquartered in Janesville, and is therefore a "private entity" under 740 ILCS 14/10.

47.     To prevent timeclock fraud, Defendant obtains and relies on data and information derived from biometric identifiers and biometric information it collects, captures, stores, transfers, and/or uses from the Plaintiff and Class members upon their employment with Defendant.

48.     In violation of 740 ILCS 14/15(b), Defendant failed to provide the required written disclosures regarding its use of such biometric information, the purpose or duration of such use, and also failed to obtain releases from Plaintiff and the Class members.

49.     Defendant collected, captured, stored, transferred, and/or used Plaintiff's and Class members' biometric identifiers or biometric information through its timekeeping system. Therefore, every time Plaintiff or the Class members clocked in or clocked out, Defendant obtained a scan of their fingerprint, thereby collecting, capturing, storing, transferring, or using Plaintiff's and the Class members' biometric information without their consent or a written plan for retention.

50.     Once obtaining Plaintiff and Class members' biometric identifiers and biometric information, Defendant upon storing it failed to provide and make public under 740 ILCS 14/15(a) a retention and destruction schedule for such biometric information.

51.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively damages of $1,000 for each negligent violation of the BIPA.

52.      Defendant's BIPA violations were knowing and willful.  Defendant failed to

comply with BIPA in the course of its conduct, or omissions, as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the putative Class, respectfully requests that this Court enter an Order:

a. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing the undersigned as Class Counsel;

b. Declaring that Woodman's Food Market, Inc., as described above, violated BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $1,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(a)(1);

e. Awarding statutory damages of $5,000 for each negligent violation of the BIPA pursuant to 740 ILCS 14/20(a)(2);

f. Awarding reasonable attorneys' fees, costs, and other litigations expenses, pursuant to 740 ILCS 14/20(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, individually and on behalf of the proposed Class, by and through his attorneys, hereby demands a trial by jury for all issues so triable.

DATED: January 23, 2025          Respectfully submitted,

By:      _/s/ Jesse L. Young_
Jesse L. Young (P72614)
Kathryn E. Milz (ARDC# 6297213)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan  48076
(248) 355-0300
jyoung@sommerspc.com
kmilz@sommerspc.com

Jonathan Melmed
Meghan Higday (300183)
Melmed Law Group, P.C.
1801 Century Park E., Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
mh@melmedlaw.com
jm@melmedlaw.com

*Attorneys for Plaintiff and the Putative Class*